**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:** | **Jennifer Lynn Morris** ) | |
| | ) | **Case No. 10-30187-KLP** |
| | **Debtor.** ) | **Chapter 7** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Last four digits of SSN or ITIN: **1023** | ) | |
| | ) | |
| | ) | |

### NOTICE OF EX PARTE MOTION TO REOPEN BANKRUPTCY

**Jason M. Krumbein, Esq.** has filed papers with this court seeking to REOPEN the Bankruptcy.

**Your rights may be affected. You should read these papers carefully, and discuss them with your attorney in this Bankruptcy Case, if you have one. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before 14 DAYS FROM TODAY, you or your attorney must:

File with the court and mail a copy to the Debtors' counsel, at the addresses shown below, a written request for a hearing. If you mail your request for hearing to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

| | |
|---|---|
| Clerk of the Court | Jason M. Krumbein, Esq. |
| U.S. Bankruptcy Court | Krumbein Consumer Legal Services, Inc. |
| 701 E. Broad St., Suite 4000 | 1650 Willow Lawn Drive, Suite 201 |
| Richmond, VA 23219 | Richmond, VA 23230 |

You must also attend a hearing to be scheduled later.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion, and may enter an order granting that relief.

Date: August 22, 2024                                                      /s/ Jason M. Krumbein, Esq.
1650 Willow Lawn Dr., Suite 201
Richmond, VA 23230
VSBN 43538
Counsel for Debtor in Bankruptcy

CERTIFICATE OF SERVICE

See certification in Application Attached hereto

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:**     **Jennifer L. Morris** | ) | |
| | ) | **Case No. 10-30187-DOT** |
|                 **Debtor.** | ) | **Chapter 7** |
| | ) | |
| Last four digits of SSN or ITIN:    **1023** | ) | |

**EX PARTE MOTION TO REOPEN BANKURTUPCY**
**TO AFFORD RELIEF TO DEBTOR**

**COMES NOW**, Krumbein Consumer Legal Services, Inc., counsel for Debtor(s), and says as follows:

### JURISDICTION, VENUE, CORE PROCEEDING

1) This court has jurisdiction pursuant to 28 USC 1441.

2) This is the proper venue pursuant 28 USC 1391.

3) This is a core proceeding pursuant to 28 USC 157.

### PARTIES

4) The movant is the Debtors in the above identified case, as defined by the Bankruptcy Code.

5) Respondents are creditors as defined by the Bankruptcy code.

### FACTS

6) Movants filed a Voluntary Petition for Relief in this court on January 13, 2010.

7) The trustee filed a report of no distribution on February 24, 2010.

8) A discharge was entered on April 28, 2010, and the case was subsequently closed on May 3, 2010.

9) Among the creditors listed in the case, was Virginia Credit Union, which had obtained a judgment against the debtor, and recorded the judgment as a lien in the County of Chesterfield, Virginia.

10) The debtor did NOT own any real property during the pendency of the Bankruptcy, and did not acquire such until after the Bankruptcy was long over.

11) There was no equity to reach the judgment, and it impaired the exemptions of the debtor.

12) The debtor now seeks to reopen the Bankruptcy to avoid the judgment lien that impairs her exemptions. *In Re Botkin (Botkin v. DuPont Community Credit Union)*, 650 F3d 396 (4th Cir, 2011), and hold Virginia Credit Union in contempt of court for attempting to collect the debt that is discharged in Bankruptcy.

13) It is not necessary to reappoint a trustee, as this involves no additional assets.

14) A reopening of a Bankruptcy case is governed by 11 USC 350(b) and FRBP 5010. Neither 11 USC 350(b) nor FRBP 5010 require notice and a hearing with respect to reopening of a Bankruptcy case.

15) The leading case on whether a Bankruptcy may be reopened *ex parte* is *In re Menk*, 241 BR 896 (9th Cir BAP, 1999) which states

16) The rational for this rule is that a potential defendant in an Adversary Proceeding is not a "person aggrieved" for purposes of US Bankruptcy rules, and therefore, has no standing to object to a motion to reopen. Id. Such a motion does not fall within the definition of "contested matter."

17) Permitting an ex parte motion to reopn is consistent with the rulings of other courts. *In re Menk*, 241 BR at 914; *In re Watson*, 192 BR 739, 744 (9th Cir BAP 1996) *Aff'd* mem 116 F3d 488 (9th Cir, 1997); *In re Abbott*, 183 BR 198, 200 (9th Cir BAP 1995); *In re Daniels*, 34

BR 783 (9th Cir BAP 1983); *In re Curtis*, 286 BR 366 (Bankr. E.D. Ark 2002); *In re Ellison*, APN 20-80001-JW (Bankr D. SC 2020); *Fu Quan Li v. Fred Yen Ming Chu (in Re Chu)*, 8:21-cv-2717, 8:21-cv-2487 (June 13, 2022, D. MD 2022).

## RELIEF REQUESTED

Movants request that the court reopen the Bankruptcy for the foregoing reasons. No oral argument is requested.

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSBN 43538
Counsel for the Debtor(s) in Bankruptcy
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
Tel: 804.592.0792 Fax: 804.234.1159
jkrumbein@krumbeinlaw.com

## CERTIFICATE OF SERVICE

I certify that I have this August 22, 2024, transmitted a true copy of the foregoing application electronically through the court's CM/ECF system to the Chapter 7 Trustee and US Trustee.

/s/ Jason M. Krumbein, Esq.
Counsel for the Debtor(s) in Bankruptcy